```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION
```

JEFFREY BOLLINGER,              )
                                )
            Petitioner,          )
                                )
       v.                        )        No. 4:06 CV 1738 CAS
                                )                         DDN
LARRY DENNEY, Superintendent,    )
                                )
            Respondent.          )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Jeffrey Bollinger, a Missouri state prisoner, for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

**I. BACKGROUND**

On December 14, 2001, petitioner pled guilty to one count of driving while his license was revoked and one count of driving while intoxicated.[1] (Doc. 10, Ex. A at 7.) Petitioner was sentenced to a term of five years for driving while his license was revoked and a term of three years for driving while intoxicated. (Id., Ex. B at 6.) The Circuit Court of St. Francois County ordered the sentences to run consecutively for a total of eight years. (Id.)

The trial court retained jurisdiction under Mo. Rev. Stat. § 559.115 and recommended that petitioner be placed in the "shock incarceration" program. (Id.) The court ordered a report within 90 to 100 days to determine whether or not petitioner should be released on probation. (Id.) Petitioner was delivered to the Department of Corrections on February 25, 2002. (Id., Ex. E at 10.) On June 12,

---

[1]Petitioner has three prior convictions for driving while his license was revoked and two prior convictions for driving while intoxicated. (Doc. 10, Ex. E at 5.)

2002, petitioner was denied release under Mo. Rev. Stat. § 559.115 by the Circuit Court of St. Francois County. (Id., Ex. C at 69.)

Petitioner filed a pro se motion to vacate judgment pursuant to Missouri Supreme Court Rule 24.035 on August 5, 2002, and an amended motion on May 12, 2003. (Id. at 3-5, 19-30.) Petitioner argued his counsel rendered constitutionally ineffective assistance because he incorrectly advised petitioner that he would be released on probation following his 120-day period of "shock incarceration." (Id. at 4, 20.) On June 6, 2003, the Circuit Court of St. Francois County dismissed the motion as untimely. (Id. at 33-34.)

On May 4, 2004, petitioner appealed the dismissal of his post-conviction relief motion. (Id., Ex. E.) Petitioner argued the Circuit Court erred when it dismissed his motion as untimely because his motion was received within 90 days of the court's denial of his probation. (Id. at 7.) The Missouri Court of Appeals dismissed the appeal for lack of jurisdiction concluding that petitioner's Rule 24.035 motion must be filed within 90 days of his delivery to the Department of Corrections. (Id., Ex. G at 1, 4.) The Missouri Court of Appeals issued its mandate on October 13, 2004. (Id., Ex. H.)

On January 18, 2005, petitioner filed an amended state habeas petition in the Circuit Court of St. Francois County. (Id., Ex. I.) Petitioner alleged his guilty plea was involuntary because it was "unlawfully induced by the promise and understanding that upon successful completion of the shock incarceration program he would be released upon probation . . . ." (Id. at 5.) On April 5, 2005, the Circuit Court of St. Francois County denied petitioner's claim determining that he could not prove he was misled. (Id., Ex. J at 3-4.) The Missouri Court of Appeals denied petitioner's petition on June 22, 2005. (Id., Ex. K.) The Supreme Court of Missouri denied the petition on October 31, 2006. (Id., Ex. M.)

In the instant petition, filed on December 6, 2006, Bollinger alleges the following ground for relief: His constitutional rights were violated because his guilty plea was induced and involuntary. (Doc. 1.)

Respondent argues that petitioner's action is barred because it was not commenced within the statutory period required by 28 U.S.C. §

2244(d). (Doc. 9 at 1.) Further, respondent argues the petition is without merit. (Id. at 3.)

## II. DISCUSSION

### Statute of Limitations

In pertinent part § 2244(d)(1) and (2) states:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review; [2]
>
> * * *
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

A judgment becomes final for purposes of section 2244 (d)(1)(A) and the statute of limitations begins to run with either: (I) the conclusion of all direct criminal appeals in the state system, followed by either the completion of denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari proceedings before the United States Supreme Court are not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc); see also Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). A petitioner has 90 days in which to file for a writ of certiorari. See Sup. Ct. R.

---

[2]Two other alternative events which may trigger the limitation period are listed in section 2244. The alternatives are not applicable in this case.

13.1. Section 2244(d)(2) tolls the time during which a properly filed post-conviction relief motion is pending. An application for post-conviction review in Missouri is pending for tolling purposes under § 2244(d)(2) until the mandate of the appellate court is issued. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006).

The instant petition was filed after the one-year period expired and thus is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A). Petitioner pled guilty on February 8, 2002. (Doc. 10, Ex. A at 7.) Petitioner did not directly appeal his conviction within ten days of sentencing; therefore, his convictions became final on February 18, 2002. Petitioner did not learn about his non-release, which is the factual predicate of his claim, until he was denied probation on June 12, 2002. (Id., Ex. C at 69.) As this date is later than the date on which petitioner's convictions became final, the statute of limitations began to run on June 12, 2002. The one-year period expired on June 12, 2003. Petitioner filed the instant petition on December 6, 2006, well after he was out of time to commence this action. (Doc. 1.)[3]

Nonetheless, because neither the statute of limitations nor procedural default constitutes a jurisdictional bar to review, Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1681-1682 (2006), in the interest of judicial economy, the undersigned will proceed to the merits of Bollinger's petition. See Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) (en banc).

---

[3]Petitioner's Rule 24.035 post-conviction relief action was dismissed as untimely and was therefore not properly filed as required by section 2244(d)(2). (Doc. 10, Ex. C at 33-34; Ex. G at 1.) Further, petitioner is not entitled to tolling for any of the time his state habeas petition was filed. The Eighth Circuit held that only petitions filed within the one-year AEDPA limitations period toll the statute of limitations in section 2244(d)(2). Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003). Petitioner did not file his state habeas petition until December 27, 2004, after the one-year statute of limitations had expired.

## Standard of Review

When considering a petition for habeas corpus, this court may not grant relief on the claim unless the state court's adjudication of it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000) (O'Connor, J., concurring). This court may not issue a writ under the "unreasonable-application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id., at 411.

## Merits

Petitioner alleges that his constitutional rights were violated because his guilty plea was induced and involuntary. Petitioner argues that he was misled and mistakenly believed that he would be released on probation upon successful completion of the 120-day "shock incarceration" program. (Doc. 1 at 7-8.) Petitioner relies on the trial court's statement to support his argument: "I am going to look at you after 120 days and decide if I want to place you on probation at that time, so from now on out it is all up to you." (Doc. 10, Ex. B at 5.) Petitioner argues that his belief was reasonable and based upon a positive representation of the prosecutor and the court and that this

mistaken belief caused his guilty plea to be induced and involuntary. (Doc. 1 at 7-8.)

A plea of guilty is valid only to the extent it is voluntary and intelligent. Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, 397 U.S. 742, 748 (1970). Constitutionally, a guilty plea is voluntary "unless induced by threats . . ., misrepresentation . . ., or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." Bousley, 523 U.S. at 619 (quoting Brady, 397 U.S. at 755). A plea is not intelligent unless the defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Bousley, 523 U.S. at 618 (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).

Petitioner's arguments are factually without merit. At his guilty plea, petitioner explicitly acknowledged that whether or not he would be released on probation was within the sole discretion of the court.

> Court: Do you understand that no one can promise you what your sentence will be, and any such promises are not binding on the Court, and the Court can impose any sentence within the range of punishment permitted by law?
>
> Petitioner: Yes, ma'am.
>
> * * *
>
> Court: Do you understand that if anyone promised you you would get probation, that's not binding on me and that's left at my sole discretion?
>
> Petitioner: Yes, ma'am.

(Doc. 10, Ex. A. at 16.)

At the sentencing hearing the trial court judge sentenced petitioner to three years for driving while intoxicated and five years for driving with a suspended license. (Id., Ex. B at 6.) The sentences were to run consecutively for a total of eight years, and the judge retained jurisdiction under Mo. Rev. Stat. § 559.115. (Id.) The judge asked petitioner if the sentence pronounced reflected the terms of the plea bargain and he responded, "Yes, ma'am." (Id. at 7.) At

sentencing, the court never stated that petitioner was guaranteed release on probation after the "shock incarceration." ( See id.)

Petitioner's reliance on the court's statement that whether or not he would be released on probation was up to him does not render his plea unintelligent or involuntary. At both his guilty plea and sentencing hearings, petitioner acknowledged that whether or not he would be released on probation was a matter for the court and that no one had made any promises to him regarding his sentence or probation. (Id., Ex. A at 13, 15-16; Ex. B at 8.) The record is void of any statements, promises, or assurances by any party that successful completion of the "shock incarceration" program would result in petitioner's release on probation.

There is nothing in the record to justify petitioner's belief that he would be automatically released on probation after successful completion of the "shock incarceration" program. Therefore, petitioner's guilty plea was not involuntary nor induced. Petitioner's ground for relief is without merit.

### III. RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned United States Magistrate Judge that the petition of Jeffrey Bollinger for a writ of habeas corpus be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation. The failure to file timely written objections may result in the waiver of the right to appeal issues of fact.

          /S/ David D. Noce
     **UNITED STATES MAGISTRATE JUDGE**

Signed on September 24, 2007.